JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ACE AMERICAN INSURANCE COMPANY
WESTCHESTER SURPLUS LINES INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sean P. Mahoney, Esquire, White and Williams LLP, 1650 Market Street, One Liberty Place, Suite 1800, Philadelphia, PA 19103-7395
(215) 864-6342

## DEFENDANTS
INTERSTATE SPECIALTY MARKETING, INC., d/b/a INTERSTATE SPECIALTY MARKETING and/or ISM

County of Residence of First Listed Defendant    Orange County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
William R. Mitchell, Esquire, WILLIAM R. MITCHELL, INC., 9160 Irvine Center Dr., Suite 200, Irvine, CA 92618
(949) 769-3606

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332; 9 U.S.C. 9
Brief description of cause:
Petition to Confirm Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                          DOCKET NUMBER

DATE
05/06/2015

SIGNATURE OF ATTORNEY OF RECORD
*Sean P. Mahoney*

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                 APPLYING IFP                JUDGE                MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ACE AMERICAN INSURANCE COMPANY,                          CIVIL ACTION
WESTCHESTER SURPLUS LINES INSURANCE
COMPANY              v.

INTERSTATE SPECIALTY MARKETING,                          NO.
INC. d/b/a INTERSTATE SPECIALTY MARKETING
AND/OR ISM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

5/6/2015              Jean P. Mahoney              PLAINTIFFS/PETITIONERS
_____       _____     _____
Date                  Attorney-at-law             Attorney for
215-864-6342          215-789-7577                mahoneys@whiteandwilliams.com
_____       _____     _____
Telephone             FAX Number                  E-Mail Address

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _436 Walnut Street, Philadelphia, PA 19106_

Address of Defendant: _17722 Irvine Blvd, Tustin, CA 92780_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☑ No☐

Does this case involve multidistrict litigation possibilities?    Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify) _Petition to Confirm Arbitration Award_

---

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _SEAN P. MAHONEY_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _5/6/2015_     _Sean P. Mahoney_     _PA 90313_
                      Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/6/2015_     _Sean P. Mahoney_     _PA 90313_
                      Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY AND WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | CIVIL ACTION |
| Petitioners, | |
| v. | NO. |
| INTERSTATE SPECIALTY MARKETING, INC. D/B/A INTERSTATE SPECIALTY MARKETING AND/OR ISM | |
| Respondent. | |

**CORPORATE DISCLOSURE STATEMENT OF PETITIONER
WESTCHESTER SURPLUS LINES INSURANCE COMPANY
PURSUANT TO FED. R. CIV. P. 7.1**

Petitioner Westchester Surplus Lines Insurance Company, by its attorneys, White and Williams LLP, hereby makes the following corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1:

The nongovernmental corporate party, Westchester Surplus Lines Insurance Company, is a wholly-owned subsidiary of ACE US Holdings, Inc. ACE US Holdings, Inc., is a wholly-owned subsidiary of ACE Group Holdings, Inc., which, in turn, is a wholly-owned subsidiary of ACE Limited. ACE Limited is the ultimate parent and the only publicly traded company, which trades on the New York Stock Exchange under the symbol "ACE."

DATE:  May 7, 2015

WHITE AND WILLIAMS LLP

BY: _____ (SPM6885)
    Sean P. Mahoney, Esquire
    1650 Market Street
    One Liberty Place | Suite 1800
    Philadelphia, PA 19103-7395
    (215) 864-6342
    (215) 789-7577 (FAX)
    mahoneys@whiteandwilliams.com

*Attorneys for Petitioners*
*ACE American Ins. Co.*
*& Westchester Surplus Lines Ins. Co.*

15341317v.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY AND WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | CIVIL ACTION |
| Petitioners, | |
| v. | NO. |
| INTERSTATE SPECIALTY MARKETING, INC. D/B/A INTERSTATE SPECIALTY MARKETING AND/OR ISM | |
| Respondent. | |

**CORPORATE DISCLOSURE STATEMENT OF PETITIONER
ACE AMERICAN INSURANCE COMPANY PURSUANT TO FED. R. CIV. P. 7.1**

Petitioner ACE American Insurance Company, by its attorneys, White and Williams LLP, hereby makes the following corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1:

The nongovernmental corporate party, ACE American Insurance Company, is a wholly-owned subsidiary of INA Holdings Corporation.  INA Holdings Corporation is a wholly-owned subsidiary of INA Financial Corporation.  INA Financial Corporation is a wholly-owned subsidiary of INA Corporation, which, in turn, is a wholly-owned subsidiary of ACE INA Holdings, Inc. ACE Group Holdings, Inc. owns 80% of ACE INA Holdings, Inc., while ACE Limited directly holds the remaining 20%.  ACE Group Holdings, Inc. is a wholly-owned subsidiary of ACE Limited. ACE Limited is the ultimate parent and the only publicly traded company, which trades on the New York Stock Exchange under the symbol "ACE".

DATE: _May 7, 2015_

WHITE AND WILLIAMS LLP

BY: _Sean P. Mahoney_ (SPM6885)
Sean P. Mahoney, Esquire
1650 Market Street
One Liberty Place | Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6342
(215) 789-7577 (FAX)
mahoneys@whiteandwilliams.com

*Attorneys for Petitioners*
*ACE American Ins. Co.*
*& Westchester Surplus Lines Ins. Co.*

-2-

15341050v.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ACE AMERICAN INSURANCE COMPANY AND
WESTCHESTER SURPLUS LINES INSURANCE
COMPANY,

                     Petitioners,

    v.

INTERSTATE SPECIALTY MARKETING, INC.
D/B/A INTERSTATE SPECIALTY MARKETING
AND/OR ISM

                     Respondent.

CIVIL ACTION

NO.

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioners, ACE American Insurance Company and West Chester Surplus Lines Insurance Company (collectively "ACE" or "Petitioner"), by their attorneys, White and Williams LLP, hereby petition this Court pursuant to 9 U.S.C. § 9 to confirm the Arbitration Award issued in their favor and against Respondent, Interstate Specialty Marketing, Inc. d/b/a Interstate Specialty Marketing and/or ISM ("ISM" or "Respondent"), and aver as follows:

### PARTIES

1.      ACE is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

2.      ISM is a corporation organized under the laws of the State of California with its principal place of business in Tustin, California.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because ACE is a citizen of the Commonwealth of Pennsylvania, ISM is a citizen of the State of California, and the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

4.      Venue is proper in this District pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, because it is the District in which the arbitration award was made.

5.      Respondent ISM is subject to the personal jurisdiction of this Court under the Federal Rule of Civil Procedure Rule 4(e).

## ARBITRATION AWARD

6.      In 2009, ACE and ISM entered into a written Producer Agreement under which ACE authorized ISM to make submissions to ACE on behalf of ISM's clients for potential insurance coverage provided by ACE.

7.      Pursuant to the Producer Agreement, ISM was required to collect all premiums due in connection with any insurance policies that ACE issued to ISM's clients as a result of ISM's submissions, and to remit those premiums, net of any compensation due to ISM, to ACE.

8.      In 2012 and 2013, ISM collected, *inter alia*, premium payments in the amount of $224,703.33 from its clients for four (4) separate insurance policies ACE had issued as a result of ISM's submissions.

9.      As a result, ISM was – and continues to be – obligated to remit $224,703.33 in premium to ACE, but it has never done so.

10.     ISM's failure to remit the $224,703.33 in unpaid premium it owes ACE pursuant to the Producer Agreement forced ACE to initiate an arbitration proceeding against ISM.

11.     Section VI of the Producer Agreement provides that any disputes between the parties arising under the Producer Agreement were to be submitted to arbitration, that an arbitration decision shall become binding upon all parties to the proceeding, and a judgment upon any award issued by the arbitrators may be entered by any court having jurisdiction.  A true and correct copy of the arbitration provisions in the Producer Agreement is attached hereto as Exhibit "A".

12.     On or about July 1, 2014, ACE submitted a Petition for Arbitration in accordance with the Producer Agreement.

13.     ACE's Petition for Arbitration sought an award in ACE's favor and against ISM in the principal amount due of $224,703.33, plus prejudgment interest and post-judgment interest, costs and attorneys' fees, as well as for any other relief that the arbitration panel deemed appropriate.

14.     Pursuant to the terms of the Producer Agreement, ACE appointed an arbitrator, ISM appointed an arbitrator, and then those two arbitrators appointed an umpire to form a panel of three arbitrators to preside over the arbitration proceeding arising from ACE's petition to arbitrate its disputes with ISM.

15.     ISM actively participated in that arbitration proceeding.

16.     During the arbitration proceedings, ACE, ISM and the panel of three arbitrators agreed that no arbitration hearing was necessary to resolve ACE's claim against ISM.

17.     ACE, ISM and the panel further agreed that ACE and ISM would each submit briefs and evidence to the panel of arbitrators in support of their respective positions, which the panel would consider before rendering its decision.

18.     ISM ultimately conceded its liability to ACE in writing for the full amount due, without qualification.

19.     Following the parties' submission of briefs and supporting evidence, on April 9, 2015, the arbitrators appointed to hear the dispute deliberated and issued a "Memorandum Order" (the "Award") in favor of ACE, a true and correct copy of which is attached hereto as Exhibit "B".

20.     The Award stated that the arbitrators found in favor of ACE and against ISM and further ordered ISM to pay ACE the amount of $224,703.33 in damages, plus prejudgment interest in the amount of $31,593.05, as well as the administrative costs of ADR Options, which had provided the physical space for the arbitration proceedings.

21.     The total amount awarded ACE was $256,296.28.

22.     This Petition is authorized by the terms of the Producer Agreement and by § 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

23.     This Petition is timely under § 9 of the Federal Arbitration Act because it has been filed within one year after the Award was made.

**WHEREFORE**, ACE prays for relief as follows:

a)   That the Court issue an order confirming the Award, as authorized by § 9 of the Federal Arbitration Act;

b) That the Court enter judgment in favor of ACE that conforms to the Award; and

c) That the Court issue such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

WHITE AND WILLIAMS LLP

DATE: May 7, 2015

BY: _Sean P. Mahoney_ (SPM6885)
Sean P. Mahoney, Esquire
1650 Market Street
One Liberty Place | Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6342
(215) 789-7577 (FAX)
mahoneys@whiteandwilliams.com

*Attorneys for Petitioners*
*ACE American Ins. Co.*
*& Westchester Surplus Lines Ins. Co.*

# EXHIBIT A

**ACE Group of Companies**

*D. Suspension of Access.* The Company may, at its sole discretion, suspend access to any ACE internet portal. Any termination of the Agreement shall also be a termination of access to the ACE internet portal.

## V.    Termination

*A. Any Reason.* Either party may terminate the Agreement for any reason upon 90 days written notice.

*B. Material Breach.* Either party may terminate the Agreement immediately upon written notice if the other party commits a material breach of the Agreement. Determination of a breach and damages, if any, are governed by Section VI. (Arbitration). However, neither the Producer's exercise of its right to decline to submit any business nor the Company's exercise of its right to decline any submission from the Producer of itself shall be a breach of the Agreement.

*C. Post-Termination Service.* In the event of any termination, the Producer will continue to service its Clients' in-force policies, unless specifically instructed otherwise in writing by the Company. This service is included in the compensation paid to the Producer under Section II.B. The Company may, at its option, take over servicing of in-force policies, in which case the Company will be entitled to (1) offset the reasonable costs of such service against any monies otherwise due to the Producer, and/or (2) receive reimbursement from the Producer of such costs from compensation already paid.

## VI.    Arbitration

*A. Submission to Arbitration Panel.* Any dispute arising from or relating to the performance or breach of this Agreement shall be submitted to arbitration before a panel consisting of two arbitrators and an umpire meeting in Philadelphia, Pennsylvania. The initiating party is referred to as the claimant, and the responding party as the respondent.

*B. Panel Selection.* The members of the arbitration panel shall be disinterested active or former officials of insurance or reinsurance companies or producers. Each party will appoint an arbitrator, and the two arbitrators shall choose an umpire before instituting the hearing. If the respondent fails to appoint its arbitrator within 60 days after being requested to do so by the claimant, the claimant may appoint the second arbitrator. If the two arbitrators fail to agree upon the appointment of an umpire within four weeks after their nominations, they shall submit the umpire selection to the American Arbitration Association (AAA) for appointment from its panel of commercial arbitrators. The claimant shall submit its initial brief in 20 days thereafter, and the claimant may submit a reply brief within 10 days after filing of the respondent's brief.

*C. Proceedings.* The arbitrators shall observe the custom and usage of the insurance business, and conduct one or more hearings at which evidence may be introduced without following strict rules of evidence but in which cross-examination and rebuttal shall be allowed. The panel shall issue its decision within 60 days following the termination of hearings unless the parties consent to an extension. A decision by the majority of the members of the panel shall become binding upon all parties to the proceeding. The arbitrators will have no authority to award punitive damages or any other damages not measured by actual damages. The parties agree to abide by and perform any award rendered by the arbitrators, and agree that a judgment of a court having jurisdiction may be entered upon an award. No party shall have a cause of action against any arbitrator for damages or injunctive relief for any act, error or omission in conducting the proceeding.

*D. Costs.* Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other party the expense of the umpire. The remaining costs of the arbitration proceeding shall be allocated by the panel.

Ed. 2/2008                                    5

# EXHIBIT B



ACE AMERICAN INSURANCE, COMPANY AND
WESTCHESTER SURPLUS LINES INSURANCE COMPANY, Claimants

and

INTERSTATE SPECIALTY MARKETING, INC. d/b/a INTERSTATE SPECIALTY
MARKETING AND/OR ISM

**Memorandum Order**

PRESENT:   P. Douglas Sisk, Esquire,
Bernd G. Heinze, Esquire, and
Andrew Walsh, Esquire, <u>Arbitrators</u>

This Memorandum Order is issued pursuant to Section VI (B) if the Producer Agreement between Ace American Insurance, Company and Westchester Surplus Lines Insurance Company  [hereafter ACE) and Interstate Specialty Marketing, Inc. D/B/A Interstate Specialty Marketing And/Or ISM (hereafter ISM).  The Producer Agreement was effective January 1, 2009, as modified by a First Amendment, effective January 1, 2009 and a Second Amendment effective October 1, 2011.  ACE seeks full payment of premiums, net of any compensation due ISM, as authorized under the Producer Agreement, but which ISM initially failed to remit properly and thereafter engaged in a pattern of unnecessary and apparently deliberate delay in remitting the premiums due ACE.  We find, as follows, in favor of ACE in all respects, except that we determine that we do not have the power under Pennsylvania law to award the requested attorneys' fees.



Pertinent Facts:

   The Producer Agreement, noted above, authorizes ISM, as an Insurance Broker, to collect all premiums due in connection with specific insurance policies issued by ACE.  The Producer Agreement requires ISM to remit to ACE all premiums net of ISM's compensation within 30 days after issuance of a billing statement by ACE.  The Agreement states that payment of any premiums owed to ACE is <u>solely</u> ISM's responsibility, and it bears sole risk and responsibility to pay.


   ISM failed to properly remit payment of premiums paid by De Leon's Transport [policy #'s H08452362 and G24162679 – net due ACE $65,639.68 plus $4,624.95, respectively].  The total due ACE on these policies is $170,264.63.  On ACE's presentation of the check issued by BNY Mellon to ISM's bank, the institution declined to honor it due to insufficient funds.


   Similarly, within regard to premium payments by Olgas Shapiro d/b/a Pacific Oil Co. [policy #'s H08455120 and G24372972 – net due ACE $42,626.10 and $11,812.60, respectively.]  The total due ACE on these policies is $54,438.70.  Again, ISM's own bank declined to honor a check in the amount of  $54,438.70 presented by BNY Mellon.   The combined remittances that ISM owes ACE total $224,703.33.  It is noted that ISM billed its clients for the premiums due on these specific policies and received full payment.  It did not, in turn, remit what was due ACE under the



Producer Agreement, even though it was ISM's sole burden and responsibility to do so, arguably even if its clients failed to pay the premiums to ISM.

What followed was a series of attempts by ACE to collect the remittances owed by ISM, and a series of statements that ISM was unable to find critical documentation, assertions that the premiums had, in fact, been remitted to ACE, etc. ACE responded with clear documentation of failed transactions, "bounced checks," repetitive correspondence attempting to get ISM to respond and remit the premiums due ACE. After ACE's attempts failed it filed the within action pursuant to Section VI of the Producer Agreement.

ACE and ISM selected as Party Arbitrators, Bernd G. Heinze, Esquire [for ACE] and Andrew Walsh, Esquire [for ISM]. Douglas Sisk [ADR Options, Inc.] was selected as the Neutral Arbitrator/Umpire. After review of the initial filings, a conference, in person and by telephone, was held December 12, 2014. The Arbitration Panel and counsel agreed that a full hearing was unnecessary, and that this matter could be determined on the papers. We directed further briefing. By Brief filed January 30, 2015, Respondent, ISM, conceded liability. ISM's Brief restated the facts presented by ACE, and conceded that ACE's claimed amounts "appear to be valid." Accordingly, we will award ACE a total of $224,703.33 due pursuant to the Producer Agreement between Ace American Insurance, Company and Westchester Surplus Lines Insurance Company [ACE] and Interstate Specialty Marketing, Inc. D/B/A Interstate Specialty Marketing And/or ISM (ISM), effective January 1, 2009, as later modified.



In its February 18, 2015 Reply Brief, ACE argues that this panel must enter an award in ACE's favor and against ISM for the principal amount of unremitted premiums claimed, as well as prejudgment interest on that amount through the date of the award.   We agree.  ACE is entitled to prejudgment interest on the amount due from ISM as a matter of law because ISM's breach of the Producer Agreement in this case consisted of the failure to pay a definite sum of money. *Cresci Const. Services, Inc. v. Martin*, 64 A.3d 254, 258-259 (Pa.Super. 2013). The applicable prejudgment interest rate is six percent (6%) per annum. 41 P.S. 202 (2014).

ACE requests an award of attorneys' fees and costs in the amount of $33,895.96 due to ISM's arbitrary and vexatious resistance to ACE's claim in this matter.[1]   The Panel unanimously agrees that ISM's conduct in this matter is

---

[1] ACE cites 42 P.S. § 2503(9) (authorizing award of attorneys' fees where other party's conduct, including the raising of defenses, was "arbitrary, vexatious or in bad faith"); *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996) ("arbitrary" conduct means conduct based on random or convenient selection rather than reason; "vexatious" means "without sufficient grounds in law or in fact" and serving the sole purpose of causing annoyance.

> **§ 2503.  Right of participants to receive counsel fees.**
> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.



arbitrary and vexatious, and it would ordinarily warrant imposition of attorneys' fees. We believe, however, that we are constrained by Section VI. C. of the Producer Agreement, which states in pertinent part,

> *Proceedings.* . . .
> *The arbitrators will have not authority to award punitive damages or any other or any other damages not measured by actual damages.*

While ISM's dilatory, unjustified and obdurate actions in this matter arguably merit an award of attorneys' fees, we find that we cannot impose them under the terms of the Producer Agreement or pursuant to 42 P.S. § 2503(9). Further, we cannot invoke the "English Rule" to justify and award attorneys' fees, as Pennsylvania has not adopted it, even in a modified fashion.

**Award:**

We rule in favor of ACE in the amount of $224,703.33 due pursuant to the Producer Agreement. We also award ACE prejudgment interest [6% per annum] in in the amount of $31,593.05, as of April 1, 2015[2], as well the administrative costs of

---

The vexatious conduct, cited in *Thunberg* and other cases which rely on *Thunberg*, however, relate to the award of, or refusal to award, attorneys' fees for vexatious, obdurate conduct by the Plaintiff/Complainant, *not the Defendant/Respondent* during the pendency of the matter. ACE's conduct in this matter was not unjustified, vexatious or obdurate.

[2] The prejudgment interest calculation is based on the Table at p. 3, ACE's Reply Brief, filed February 18, 2015. The amounts in that table were calculated as of 3/15/2015. The amounts below are calculated as of April 1, 2015.

| [A] Policy # | [B] Interest Due as of 3/15/2015 | [C] Daily i % accrual | [D] = [C] x 17 days | TOTAL [B + D] | GRAND TOTAL |
|---|---|---|---|---|---|
| H08452362 | 24,069.94 | 27.23 | 462.91 | 24,532.85 | |



ADR Options.  Pursuant to the Arbitration Agreement, the parties will bear their

own costs and attorneys' fees, as well as the fees of the party Arbitrators.  ACE and

ISM will divide the fees due the Umpire/Neutral Arbitrator.


For the Panel,

P. Douglas Sisk,
*Umpire*

| G24162679 | 662.75 | .76 | 12.92 | 679.67 | |
| H08455120 | 4876.89 | 7.01 | 119.17 | 4996.06 | |
| G24372972 | 1351.49 | 1.94 | 32.98 | 1384.47 | |
| | | | | | $31,593.05 |